# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| EARL FITZHUGH, | ) | |
| Plaintiff, | ) | Civil Action No. |
|  | ) | 19-12394-FDS |
| v. | ) | |
| HSBC BANK USA, NAT'L ASSOC.; OCWEN LOAN SERVICING LLC; PHH MORTGAGE; TOWNE AUCTION LLC; and THERESA GRAVLIN, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

**SAYLOR, C.J.**

This is a lawsuit arising out of a mortgage foreclosure. Plaintiff Earl Fitzhugh, proceeding *pro se*, has sued the trustee, the servicer, the foreclosing attorneys, and the foreclosing auctioneer under a variety of theories.

Defendant Towne Auction LLC is an auctioneer; defendant Theresa Gravlin is an employee of Towne. Both have moved to dismiss the complaint against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Even assuming the truth of all facts in the complaint, none of the counts allege any wrongful conduct or theories of legal liability against either Towne or Gravlin. Accordingly, and for the reasons set forth below, the motion will be granted.

I.      **Background**

The facts are set forth as alleged in the complaint.

Earl Fitzhugh is the owner of real property located at 102 Lawrence Avenue in Dorchester, Massachusetts. (Compl. 1, ¶ 4).

Defendants are various parties relating to the mortgage and foreclosure on the property. (*Id.* ¶¶ 5-13). Towne Auction LLC is a Michigan-based limited liability company that conducts foreclosure auctions. (*Id.* ¶¶ 12-13). It conducts auctions on Massachusetts properties under the auctioneer license of Theresa Gravlin, an employee of the company. (*Id.* ¶ 13).

A foreclosure auction on the property was scheduled for November 25, 2019, three days after the complaint was filed. (*Id.* at 1).

The specific allegations of the complaint, as set forth in multiple counts,[1] include the following: wrongful foreclosure in violation of the "*Fremont* Injunction" (Count 1) (*id.* ¶¶ 14-19); violation of Mass. Gen. Laws ch. 93A through the terms of the underlying mortgage loan (Count 2) (*id.* ¶¶ 20-28); violation of Mass. Gen. Laws ch. 93A for slander of title (Count 3) (*id.* ¶¶ 29-30); violation of Mass. Gen. Laws ch. 93A for a "foreclosure rescue scam" (Count 4) (*id.* ¶¶ 31-32); wrongful foreclosure in violation of the "*Eaton* Ruling" (Count 5 ) (*id.* ¶¶ 33-40); wrongful foreclosure in violation of Mass. Gen. Laws ch. 183, § 21 (Count 6) (*id.* ¶ 41); wrongful foreclosure in violation of Mass. Gen. Laws ch. 244, § 35B (Count 7) (*id.* ¶¶ 42-45); foreclosure barred by statute of limitations under Mass. Gen. Laws ch. 106 §3-118 (Count 8) (*id.* ¶¶ 46-54); foreclosure barred by promissory estoppel (Count 9) (*id.* ¶¶ 55-63); and a claim to "enjoin[] foreclosure until a decision is reached in *Garland v. Orlans PC*" (Count 10) (*id.* ¶¶ 64-

---

[1] Plaintiff appears to have adopted a system of delineating claims and counts, with some claims containing multiple counts and other claims being a standalone count. For simplicity's sake, the Court will simply call each separate legal or factual argument a "count," and will endeavor to make it clear where each count appears in the complaint.

68).

Towne Auction LLC and Theresa Gravlin have moved to dismiss the action against them for failure to state a claim upon which relief can be granted.

## II. **Legal Standard**

On a motion to dismiss made pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

A document filed by a *pro se* party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints are accorded an

"extra degree of solicitude," *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991), they still must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1998).

### III. Analysis

Towne and Gravlin contend that they are not named in any of the allegations of wrongful conduct in the complaint, and therefore the complaint fails to state a claim against them.

Count 1 alleges that the foreclosure could not be legally executed because the mortgage is subject to an injunction issued in *Commonwealth v. Fremont Inv. & Loan*, 23 Mass. L. Rptr. 567 (Mass. Super. Ct. 2008). (Compl. ¶¶ 14-19). But even if the foreclosure were improper, there is nothing in Count 1 indicating any illegal or otherwise wrongful conduct by Towne or Gravlin, who (according to the complaint) were retained to conduct auctions on foreclosed properties. (Compl. ¶¶ 12-13). This count exclusively concerns the validity of the foreclosure itself, rather than the foreclosure auction. Because Count 1 does not implicate Towne or Gravlin, the motion will be granted as to that count.

Counts 2, 3, and 4 claim violations of Mass. Gen. Laws ch. 93A. The counts claim chapter 93A violations for, respectively, the underlying terms of the mortgage loan, slander of title by the foreclosing parties, and an alleged foreclosure rescue scam. (*Id.* ¶¶ 20-32). Again, none of the alleged conduct implicates Towne or Gravlin. The attached demand letter under chapter 93A is not addressed to Towne or Gravlin and discusses conduct by the servicer or its representatives in foreclosing on the property. (*Id.* Ex. E). Furthermore, Towne and Gravlin appear to have nothing to do with the documents that allegedly constitute the slander of title claim in Count 3. (*Id.*). The motion will therefore be granted as to Counts 2, 3, and 4.

Counts 5, 6, and 7 are also unrelated to any conduct by Towne or Gravlin. Those counts, all titled "Wrongful Foreclosure," allege three violations of Massachusetts law: the "*Eaton* decision," (*id.* ¶¶ 33-40), Mass. Gen. Laws ch. 183, § 21, (*id.* ¶ 41), and Mass. Gen. Laws ch. 244, § 35B (*id.* ¶¶ 42-45). Again, those three counts exclusively allege unlawful conduct in the foreclosure, and do not implicate the parties involved in the foreclosure auction. The motion will therefore be granted as to Counts 5, 6, and 7.

Counts 8 and 9 similarly address only the foreclosure. Count 8 alleges that the foreclosure is barred by the six-year statute of limitations on negotiable debt instruments under Mass. Gen. Laws ch. 106, § 3-118. (*Id.* ¶¶ 46-54). Count 9 alleges that the foreclosure is barred by the doctrine of promissory estoppel. (*Id.* ¶¶ 55-63). Again, neither the facts alleged in the complaint nor any reasonable inferences from those facts suggest a relevant nexus between the foreclosure and the parties related to the foreclosure auction. The motion will therefore be granted as to Counts 8 and 9.

Finally, Count 10 alleges that the "foreclosure should be enjoined until a decision is reached in *Garland v. Orlans PC*, No. 18-cv-11561 (E.D. Mich. Nov. 21, 2018)." That claim alleges that Orlans P.C., a law firm involved in the foreclosure, has been sued in a class action in Michigan for conduct similar to that at issue here. The complaint alleges that the foreclosure should be enjoined until that case is resolved. Again, that claim does not implicate Towne or Gravlin, who were engaged solely for the purpose of conducting a foreclosure auction. The motion will therefore be granted as to Count 10.

In short, none of the ten counts raised in the complaint alleges any wrongdoing by Towne Auction LLC or Theresa Gravlin. Accordingly, the motion to dismiss will be granted.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss of defendants Towne Auction LLC and Theresa Gravlin is GRANTED as to all counts.

**So Ordered.**

/s/ F. Dennis Saylor IV<br>F. Dennis Saylor IV<br>Chief Judge, United States District Court

Dated: February 13, 2020